## PETER WINTERMUTE *against* AARON HANKINSON.

### ON CERTIORARI.

Constable has not such a possession of the goods of the defendant, upon the delivery of the execution, as will enable him to maintain trover for them.   He can only acquire such possession by making an inventory of them.

---

This was an action of trover and conversion, brought by Hankinson, the plaintiff below, to recover the value of a certain mare.   Hankinson founded his claim to the mare upon a certain execution which he held, as constable, against the owner of the mare previous to her having been transferred to Wintermute.   This claim was resisted by Wintermute, upon the ground that Hankinson did not prove he had made any levy on the said mare within the time prescribed by law, or at any other time.   It appeared, by the certificate of the justice, that the defendant hindered the constable from taking possession of the mare, by driving her away.   On the trial before the justice, the defendant below, Wintermute, moved ' to non-suit the plaintiff upon two grounds.   1. That the plaintiff did not prove that he had made a levy on said mare within thirty days, (the time prescribed by law) or at any other time.   2. That he did not prove that he had ever had possession of the property in question.   The justice refused to non-suit, and the jury gave a verdict in favor of the plaintiff for $65.

*Ewing* now moved to reverse this judgment, and assigned for reason, that the justice had refused to non-suit the plaintiff below.

*Wall* opposed the motion, and contended, that under the act of 1798, (*Pat.* 313) the constable was not bound to make a return of the execution within thirty days. If he has made no proceedings he need make no return. The late act of 1818, makes the execution a lien upon the property for one year. That a sheriff's execution was a lien upon the property from the time it was delivered to the sheriff, and that the same principle must apply to executions in the hands of constables. By the common law, there could be no levy without actually taking the property into possession; but that our statute altered this, and all that was meant by a levy under our statute was the making an inventory; that the law vested in the constable a special property in the goods of the defendant, so that he might maintain an action against any person who takes them away.

*Ewing,* in reply, said, that under the act of 1798, it had been uniformly held, that the constable could not act after the expiration of the thirty days, unless he had done something before that time to shew his intention of acting. If the taking an inventory is making a levy, then the constable might have done something although the property was driven away. Even within thirty days, a constable could not maintain an action without making a levy, much less after the thirty days had expired.

*Wall* said, it had always been held that, by our statute, the goods were bound from the delivery of the writ.

FORD J. Does that statute apply to constables?

*Wall.* Yes.

FORD J. Is it not held, that the constable cannot take the body after thirty days?

*Ewing.* Yes.

Campbell *v.* Cooper.

KIRKPATRICK C. J.   The mere delivery of the writ to the constable gives him no right to maintain trover.   He must make an *inventory*, and then, only, is he considered as taking possession of the goods of the defendant, and if they are not actually taken away by the constable they are considered as bailed to the defendant for safe keeping.

FORD J.   I hold that the officer must shew either an actual or constructive possession to enable him to maintain trover.   A constructive possession might arise from the defendant's delivering to the constable an inventory of his goods, or, possibly, from the constable's being ready to take possession, and being prevented by force.

ROSSELL J. concurred in the opinions delivered.

KIRKPATRICK C. J.   Let the judgment be reversed.

*J. S. Halsted*, attorney for plaintiff in *certiorari*.